**\*E-Filed 04/19/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MB TECHNOLOGIES, INC., a Georgia Corporation,<br><br>  Plaintiff,<br>  v.<br><br>ORACLE CORPORATION, a Delaware Corporation; and ORACLE USA, INC., a Colorado Corporation,<br><br>  Defendants.<br>_____/ | No. C 09-05988 RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Defendants Oracle Corporation and Oracle USA, Inc. (collectively, "Oracle) have filed a motion to dismiss the second, fourth, and sixth claims of the first amended complaint ("FAC") filed by plaintiff MB Technologies, Inc. ("MB"). The parties presented argument on April 15, 2010, and, for the reasons stated below, the motion is granted in part and denied in part.

## I.  BACKGROUND

MB filed its initial complaint on December 22, 2009, and an FAC on February 19, 2010. The FAC alleges claims for relief based on fraud, common law misappropriation ("CLM"), misappropriation of trade secrets, unjust enrichment, copyright infringement, and unfair business

1  practices in connection with MB's "Bindows" technology.  According to the FAC, the technology is
2  "a Graphical User Interface ("GUI") software framework" which enables software developers to
3  "generate the exact look and exact feel (standard shortcut keys, mnemonics, etc) of a Windows GUI
4  in any web application."  FAC at 5, ¶16.

5        The FAC alleges that MB licensed the Bindows technology to Hyperion Solutions
6  Corporation ("Hyperion") in July 2004, as reflected in a Marketing and Distribution Agreement (the
7  "Agreement") executed by the parties.  In 2007, according to the FAC, Oracle bought Hyperion, and
8  MB and Oracle negotiated an addendum to the Agreement ("Addendum Two").  In the course of the
9  negotiations, MB alleges, Oracle represented to MB that it only wished to use Bindows technology
10 in Hyperion products that existed at the time Oracle acquired Hyperion.  Allegedly, however, Oracle
11 later proposed a draft addendum that included a clause allowing Oracle to include Bindows
12 technology in Oracle's own Fusion line of products,[1] which seemed to run counter to its earlier
13 representations that the technology would only be used in Hyperion products.  MB claims that it
14 objected and offered to negotiate separately for the use of Bindows technology in Fusion products,
15 and in response, Oracle removed the clause.  The final version of Addendum Two, the FAC claims,
16 does not mention Fusion.  Nonetheless, according to MB, Oracle began using Bindows technology
17 in Fusion products, as well as in other Oracle products that did not exist at the time of Oracle's
18 acquisition of Hyperion.  The instant lawsuit was prompted by this allegedly unauthorized use.
19 Oracle has now moved to dismiss the FAC's second claim (CLM), fourth claim (unjust enrichment),
20 and sixth claim (unfair business practices).

21                     II.  LEGAL STANDARD

22       Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed
23 because of a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A
24 dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the
25 absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v. Riverside Healthcare*
26 *Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

---

[1] The FAC alleges that Fusion products in fact bundle both Oracle and Hyperion products.

No. C 09-05988 RS
ORDER

2

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir.1 999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated ... laws in ways that have not been alleged." *Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

A.   <u>CLM and Section 17200 Claims</u>

The first argument in Oracle's motion is that the FAC's CLM claim is pre-empted by the federal Copyright Act, specifically 17 U.S.C. § 301.  For the same reason, Oracle also contends MB's unfair business practices claim is pre-empted insofar as it is grounded in copyright infringement and CLM.

A state law claim is pre-empted by § 301 "if two elements are present.  First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act.   Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (internal citations omitted); *see also* 17 U.S.C. § 301(a) (setting forth this test). The Ninth Circuit has explained that a state law claim will be pre-empted under the first prong of the test unless it contains "an element which changes the nature of the action 'so that it is qualitatively different from a copyright . . . infringement claim.'" *Summit Mach. Tool Mfg. Corp. v. Victor CNC*

*Sys., Inc.*, 7 F.3d 1434, 1440 (9th Cir. 1993) (quoting *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 1340 (1990)).

Oracle contends the FAC's CLM claim can survive neither prong of the test. First, according to Oracle, the CLM claim does not contain extra elements or assert rights that are "qualitatively different" from those protected by the Copyright Act. MB counters that its CLM claim is based on Oracle's allegedly unauthorized use of the Bindows technology, and that the Copyright Act itself does not focus on such use. Thus, MB claims, the rights it is asserting in the CLM claim are "qualitatively different" from the rights it is asserting under the Copyright Act.

The Copyright Act confers upon the owner of a copyright "the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending[.]" 17 U.S.C. § 106. California's common law tort of misappropriation, on the other hand, requires the plaintiff to show that (1) he has invested substantial time and money in development of his property; (2) the defendant has appropriated the property at little or no cost; and (3) he has been injured by the defendant's conduct. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990). The Ninth Circuit has observed that these CLM elements suffer from "vagueness," which has "engendered various preemption analyses." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1441 (9th Cir. 1993). The *Summit* case attempted to harmonize the existing case law in this area, explaining:

> If [the plaintiff] was simply complaining that [the defendant] has misappropriated the time and effort expended in the development and production of its idea, its claim would be preempted by copyright . . . law. Such a claim lacks the "extra element" which changes the nature of the action. On the other hand, . . . an unfair competition action for misappropriation of time and effort is cognizable if the claim contains an extra element which changes its nature. *Id.* at 978. The fundamental question, then, is whether [the plaintiff's] claim for misappropriation adds the requisite extra element.

*Id.* at 1441. The Court noted that, "[i]n the cases that indicate that a claim for misappropriation is still tenable, *the extra element tends to be apparent.*" *Id.*(emphasis added). It listed, by way of example, cases where the extra element was an alleged breach of fiduciary duty; an alleged breach

NO. C 09-05988 RS
ORDER

4

of a confidential relationship; and an alleged palming off of the defendant's products as those of its competitor. Similarly, the extra element alleged in *Summit* itself was so-called "reverse palming off," that is, the defendant was accused of marketing its competitor's goods under its own name. *Id.*

Here, the essence of MB's CLM claim is that Oracle has allegedly exceeded the scope of its license by using Bindows technology in its Fusion products (and possibly in other non-Hyperion products). MB claims this alleged "use" is what differentiates the CLM claim from the copyright claim. This is also the view taken by the Ninth Circuit in *Altera Corp. v. Clear Logic, Inc.*, which held that "[a] state law tort claim concerning the unauthorized use of the software's end-product is not within the rights protected by the federal Copyright Act[.]"). 424 F.3d 1079, 1089-90 (9th Cir. 2005). *Altera* was factually similar to the present case: the defendant was alleged to have induced the plaintiff's customers to use the plaintiff's software in violation of its licensing agreement. Oracle attempts to distinguish *Altera* on the grounds that no CLM claim was at issue, but this argument is unpersuasive: both cases involved "state law tort claim[s] concerning the unauthorized use of the software's end-product." Accordingly, based on *Altera*, the first element of *Kodadek*'s two-part pre-emption analysis is not met, and as a result MB's CLM claim is not subject to dismissal based on pre-emption.[2] Oracle's motion to dismiss is therefore denied with respect to this claim.

Oracle also moves to dismiss the FAC's sixth claim for unfair business practices, which alleges that Oracle violated California Business and Professions Code § 17200, *et seq.*, "[b]y reason of [its] fraudulent, deceptive, unfair, and other wrongful conduct." Oracle requests specifically that the claim be dismissed only insofar as the claim (through its phrase "other wrongful conduct") incorporates elements of CLM and copyright infringement. MB appears to concede that copyright infringement is not intended to be a part of its § 17200 claim, stating in its opposition brief that the claim only extends to "fraud, trade secret misappropriation, and common law misappropriation."

---

[2] The Court need not reach the second prong of the Kodadek test, namely whether MB's CLM claim "fall[s] within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek*, 152 F.3d at 1212.

1    As explained above, CLM is not pre-empted in this case; therefore to the extent Oracle is
2 moving to dismiss any part of the § 17200 claim that is grounded in CLM, the motion will be
3 denied.  MB has conceded, however, copyright infringement is not a basis for its § 17200 claim, so
4 to the extent that Oracle is moving to dismiss any part of that claim which is grounded on that legal
5 theory, the motion will be granted.

B.  Unjust Enrichment

Finally, Oracle requests that MB's fourth claim for unjust enrichment be dismissed because it is not an actual claim but only a remedy.  California courts, as well as the courts in this District, are squarely divided on this point.  *Compare*, *e.g.*, *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1099-1100 (N.D. Cal. 2006) (rejecting motion to dismiss unjust enrichment claim because "for the most part, courts finding that California does not allow an 'unjust enrichment' cause of action have made essentially semantic arguments"), *and Hirsch v. Bank of America*, 107 Cal. App. 4th 708, 722 (2003) (reversing lower court's dismissal of plaintiff's unjust enrichment claim upon finding that appellants stated a valid cause of action for unjust enrichment), *with Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144 at *5 (N.D. Cal. Dec. 17, 2009), *and Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911(2008) (explaining that unjust enrichment is "not a cause of action" but rather "a principle underlying various doctrines and remedies, including quasi-contract").

Of these conflicting interpretations, the better view is that unjust enrichment represents a form of relief rather than an independent claim.  To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and unjust retention of it at the expense of another.  *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).  A dismissal of the fourth "claim" will not, in fact, preclude MB's ability to recover on a theory of unjust enrichment, because it could potentially show the existence of these elements in connection with several of its other claims, such as copyright infringement or fraud.  Moreover, dismissal of a separate claim for unjust enrichment at the pleading stage will serve the felicitous purpose of narrowing the action, by eliminating superfluous or

unnecessary claims and concentrating the parties' (and the Court's) energies on the essence of the underlying dispute. For this reason, Oracle's motion to dismiss MB's fourth claim will be granted without leave to amend.

## IV. CONCLUSION

For the reasons stated above, Oracle's motion to dismiss is denied with respect to the FAC's second claim grounded in CLM. With respect to the FAC's sixth claim involving unfair business practices, the motion to dismiss is granted insofar as the sixth claim relies on copyright infringement, but denied insofar as it relies on CLM. Finally, the motion is granted without leave to amend with respect to the fourth claim involving unjust enrichment.

IT IS SO ORDERED.

Dated: 04/19/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE